# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROY HUNT, | No. 4:16-CV-01729 |
| Plaintiff, | (Judge Brann) |
| v. | |
| GLENN C. DRAKE II, SUSAN KEFOVER, PAUL HEIMEL, DOUGLAS MORLEY, and ANGELA MILFORD, | |
| Defendants. | |

## MEMORANDUM OPINION

### JUNE 19, 2020

In preparation for trial, the parties have cross-filed motions in limine.[1] I begin by summarizing the legal standard applicable to motions in limine before addressing each issue in turn.

## I.     LEGAL STANDARD

Motions in limine are motions made preliminary to trial to aid the clear presentation of evidence. "Evidence should only be excluded on a motion *in limine* if it is clearly inadmissible on all potential grounds. The movant bears the burden of demonstrating that the evidence is inadmissible on all potential grounds."[2]

---

[1] Pls.' Mot. in Limine, Doc. 53; Defs.' Mot. in Limine, Doc. 55.
[2] *Feld v. Primus Techs. Corp.*, Civ. No. 4:12-1492, 2015 WL 1932053, at *1 (M.D. Pa. 2015) (citation omitted).

Evidence is relevant if it has any tendency to make a fact more or less probable and if that fact is of consequence in determining the action.[3]

## II. DISCUSSION

### A. Plaintiff Roy Hunt's Motions in Limine

Plaintiff Roy Hunt moves to exclude three types of evidence. He seeks to exclude a settlement agreement from the union grievance proceeding executed on June 23, 2016 (the "Settlement Agreement"),[4] a letter co-signed on March 11, 2016 by nine corrections officers (the "Letter"),[5] and evidence pertaining to previously dismissed affirmative defenses.

#### 1. The Settlement Agreement

Hunt moves in limine to exclude the Settlement Agreement. Defendants contend that the document is relevant to Hunt's motivations for filing the suit and entering the settlement, which purportedly bear on his credibility in this action. Hunt's credibility is of course relevant, but the text of the Settlement Agreement does not shed light on either of these motivations. To the extent these lines of questioning are relevant, Defendants may pursue them through cross-examination. Furthermore, the terms of the agreement bar it from being entered into evidence in

---

[3] *See Univac Dental Co. v. Dentsply Int'l, Inc.*, 268 F.R.D. 190, 196–97 (M.D. Pa. 2010) (*quoting* Fed. R. Evid. 401).
[4] Pl.'s Mot. in Limine Ex. 1, Doc. 53.
[5] Pl.'s Mot. in Limine Ex. 2, Doc. 53.

a proceeding other than to enforce its terms. I therefore grant Hunt's motion in limine to exclude the Settlement Agreement.

### 2. The Letter

Hunt next seeks to exclude a letter co-signed by nine correctional officers at the Potter County Jail. This letter expresses the officers' opposition to the possibility of Hunt being reinstated to his former position. Although the Letter is not a direct statement of management's reasoning for terminating Hunt's employment, it may be relevant for its tendency to corroborate management's account of Hunt's conduct on the job. For that reason, I deny Hunt's motion to exclude the Letter.

I note, however, that the Letter appears to be hearsay. As this issue was not raised in the papers, I will not exclude this evidence at this time. Instead, I will reserve this matter for trial, at which time I will be able to assess fully whether Defendants have laid the foundation for an exception to the general rule against hearsay.[6]

### 3. The Affirmative Defenses

Finally, Hunt moves to exclude evidence pertaining to affirmative defenses that were previously dismissed by this Court. He does not, however, identify specific evidence that he seeks to exclude. Hunt's point is well taken that evidence

---

[6] *See* Fed. R. Evid. 802.

bearing only on affirmative defenses that are no longer in the action would not be admissible, but whether particular evidence possesses that character is better assessed in the context of the trial. I therefore defer this objection to that time.

### B.     Defendants' Motions in Limine

Defendants initially moved in limine on two grounds. However, they withdrew one of the motions in their reply papers, which pertained to Hunt's alleged failure to timely disclose witnesses.[7] I thus address only the one remaining motion.

Defendants argue that evidence of Hunt's damages occurring after June 23, 2016—the date the Settlement Agreement was signed—should be excluded because Hunt failed to mitigate his damages. The theory, as I understand it, is that the arbitrator would have been empowered to grant Hunt relief that overlaps with that sought in this action, and that therefore his decision to settle instead of proceeding to arbitration resulted in a higher damages figure than he would otherwise be entitled to. This argument appears to be a restyling of Defendants' argument regarding failure to exhaust remedies under the collective-bargaining agreement that has already been rejected by both this Court and the United States Court of Appeals for the Third Circuit.[8] As explained in those opinions, Hunt's

---

[7]  *See* Defs.' Reply Br. to Pls.' Opp'n to Defs.' Mot. in Limine *12.
[8]  *See* Mem. Op. 8–9, Doc. 11; Mem. Op. 4–6, Doc. 30; *Briggs v. Potter Cty.*, 787 Fed. Appx. 123, 132 (3d Cir. 2019).

claims in this action are not impacted by the grievance proceeding because they do not arise under the collective-bargaining agreement.

The case cited by Defendants, *Douglas v. Jin*,[9] does not support their motion for two reasons. First, the motion in limine discussed in *Douglas* sought to allow evidence of mitigation, not to preclude evidence of damages.[10] This is a critical distinction in light of the high burden of precluding evidence on a motion in limine. The second reason is that the *Douglas* court directly stated that testimony about the grievance procedure would be improper because it was too closely related to the exhaustion issue that had previously been dismissed.[11] As in *Douglas*, I find that testimony regarding the grievance procedure here would violate my previous rulings on the exhaustion issue. I further find that *Douglas* does not support the proposition that evidence of damages after a grievance procedure must be precluded; I therefore deny Defendants' motion in limine.

---

[9] Civ. A. No. 11-350, 2014 U.S. Dist. LEXIS 62887 (W.D. Pa. May 7, 2014).
[10] *See id.* at *2.
[11] *See id.* at *7 ("[T]o the extent that Deputy Superintendent Winfield is offered to testify about 'the overall grievance procedure available to inmates as well as other opportunities for inmates to confer with staff members,' the Court finds such testimony would tack too close to the exhaustion issue, and would violate this Court's previous rulings."); *id.* at *10 ("The Court cautions defendant, however, to make every effort to maintain the boundary between legitimate mitigation testimony and improper testimony about DOC's grievance procedures or prisoners' obligation to exhaust administrative remedies in order to advance civil rights claims in federal court.").

## III. CONCLUSION

For the reasons provided above, Plaintiff's Motion in Limine (Doc. 53) is granted in part, denied in part, and in part deferred to trial. Defendants' Motion in Limine (Doc. 55) is denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge